IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICKEY FANTROY, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:12-CV-82-N-BH |
| ) | |
| FIRST FINANCIAL BANK, N.A., ) | |
| ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, Plaintiff's claims should be **DISMISSED** without prejudice for lack of jurisdiction.

**I. BACKGROUND**

On January 10, 2012, Plaintiff Rickey Fantroy filed this wrongful foreclosure suit against Defendant First Financial Bank, N.A., and paid the filing fee. (Compl. (doc. 3).) He contends that the Court has jurisdiction over this suit because it arises under 18 U.S.C. §§ 1001, 1010 and 28 U.S.C. § 1333. He asserts causes of action against the defendant for breach of contract and fraud under the Texas Constitution and the Texas Property Code. *Id*

**III. JURISDICTION**

Rule 12(h)(3) of the Federal Rules of Civil Procedure requires that a federal court dismiss a case if at any time it determines that it lacks subject-matter jurisdiction. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction".

*Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  Courts have "a continuing obligation to examine the basis for jurisdiction" and may *sua sponte* raise the issue at any time.  *See MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999).

The party seeking the federal forum has the burden of establishing federal jurisdiction. *Howery*, 243 F.3d at 916.  Although Plaintiff seeks to invoke 18 U.S.C. §§ 1001 and 1010 as bases for subject matter jurisdiction, there is no private cause of action for violation of these criminal statutes.  *See Hunter v. Martinez*, 2008 WL 3895969, at *2 (N.D. Tex. Aug. 20, 2008) (citations omitted).  These criminal statutes therefore do not provide a basis for subject matter jurisdiction in this case.  *Id.*  Nor does 28 U.S.C. § 1333, which confers jurisdiction over admiralty and maritime matters to the federal courts, provide a basis for jurisdiction in this wrongful foreclosure case.

Plaintiff's claims against the defendant under the Texas Constitution and the Texas Property Code clearly arise under state law.  Federal courts have no jurisdiction over state law claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332.  Diversity jurisdiction is proper only when complete diversity exists between the parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  *See* 28 U.S.C. § 1332(a).  As the party seeking to invoke federal jurisdiction in this case, Plaintiff has the burden to show that diversity jurisdiction exists.  *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991).  Because Plaintiff's complaint alleges that both he and the defendant are residents of the State of Texas, he has not met his burden to show that complete diversity exists between the parties, and his state law claims should be dismissed for lack of subject-matter jurisdiction.

## IV.  RECOMMENDATION

Plaintiff's claims should be **DISMISSED** without prejudice for lack of subject-matter jurisdiction.

**SO RECOMMENDED on this 23rd day of January, 2012.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE