**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **RICKEY FANTROY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | No.  3:12-CV-82-N-BH |
| ) | |
| **FIRST FINANCIAL BANK, N.A.,** ) | |
| ) | |
| **Defendant.** ) | **Referred to U.S. Magistrate Judge** |

**ORDER**

Pursuant to Special Order No. 3-251, this case has been automatically referred for pretrial management.  Before the Court is Plaintiff's request for leave to amend his complaint, received March 2, 2012 (*see* doc. 16).  Based on the relevant filings and applicable law, Plaintiff's motion for leave is **GRANTED**.

I.

Plaintiff filed his original complaint on January 10, 2012.  (*See* doc. 1).  On January 23, 2012, it was recommended that Plaintiff's state law claims against the defendant be dismissed for lack of subject-matter jurisdiction based on the absence of complete diversity of citizenship.  (*See* doc. 6).  After being granted an extension of time, Plaintiff filed his objections to the recommendation and requested leave to amend his complaint. (*See* doc. 16).  His proposed amended complaint asserts claim under 15 U.S.C. § 1635 against the original defendant as well as several new defendants.  *See id.*

When a responsive pleading has not been filed, as here, Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend its pleading once as a matter of course within 21 days after serving it.  Otherwise, either the opposing party's written consent or the court's leave is required.

*Id.* Rule 15(a) evinces a bias in favor of amendment and requires that leave be granted "freely." *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982). A court's discretion to grant leave is severely limited by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Leave to amend should not be denied unless there is a *substantial reason* to do so. *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998). There is a substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

Here, there is no apparent substantial reason to deny leave to amend. The motion for leave is **GRANTED,** and the Clerk shall electronically file the proposed amended complaint attached to the motion for leave. Based on the amended complaint, the findings, conclusions and recommendation dated January 23, 2012 are moot and shall be terminated. This case will proceed on the amended complaint.

II.

Plaintiff is now responsible for serving each defendant with a summons and a copy of the complaint in this case as provided by Rule 4(c) of the Federal Rules of Civil Procedure. If defendants are not served within 120 days after the filing of the complaint, the action is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m). In addition, Fed. R. Civ. P. 4(l)(1) requires Plaintiff to file proof of service with the Court unless service is waived. This proof must consist of

"the server's affidavit" if service was not effected by the United States Marshal or a deputy marshal. *Id.* If Plaintiff does not file a valid return of service or otherwise show that each defendant was properly served, this action may be dismissed.

The Clerk of the Court shall send summons forms and a copy of Fed. R. Civ. P. 4 to Plaintiff.

**SO ORDERED on this 5th day of March, 2012.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE