**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **RICKEY FANTROY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:12-CV-0082-N (BH)** |
| | § | |
| **FIRST FINANCIAL BANK, N.A., et al.,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Before the Court is *Plaintiff, Request for Leave to File Plaintiff's, Motion for Fraud on the Court Fraudulent Concealment, Intrinsic Fraud and Extrinsic Fraud*, filed February 25, 2015 (doc. 171). Based on the relevant filings and applicable law, the plaintiff's request for leave should be **DENIED**.

## I. BACKGROUND

This case arose from the foreclosure of Plaintiff Rickey Fantroy's (Plaintiff) property and his subsequent eviction. He alleged that on April 9, 2004, he obtained a loan from Argent Mortgage Company (Argent) to refinance his property. (doc. 81 at 4.)[1] He was "under duress and coercion" because of his mother's death "and other problems" when he signed for the loan. (*Id.*) Although he "only signed a refinance for $59,000," an additional $40,000 was disbursed, bringing the loan total to $109,894.20. (*Id.* at 5.) To secure the loan, he signed a "Texas Home Equity Security Instrument" for $108,000, granting Argent a first lien on the property. (*See* doc. 81-1 at 8.)

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

A.     **State Court Litigation**

Plaintiff apparently defaulted, and on May 24, 2006, Deutsche Bank National Trust Company (Deutsche Bank), as trustee, foreclosed on the property upon obtaining an order from the 18th Judicial District Court of Johnson County.   (*Id.*)   At some point, Ameriquest Mortgage Company (Ameriquest) filed a forcible detainer action against Plaintiff in Justice of the Peace court, and on October 15, 2008, the County Court at Law affirmed the Justice of the Peace's judgment in favor of Ameriquest and granted it a "writ of possession".   (*See* doc. 52-6 at 2; doc. 81-1 at 6.)

On November 25, 2008, Plaintiff sued Fidelity National Title Insurance Company (Fidelity), Ameriquest, Argent, and Deutsche Bank in the 413th Judicial District Court of Johnson County. (*See* doc. 52-1.)  His petition asserted claims for fraud and wrongful foreclosure. (*See id.*)  Plaintiff alleged that an unauthorized $40,000 was disbursed as part of his refinance.  (*Id.* at 2.) At the time of signing, he was "under duress and coercion" because of his mother's death "and other problems." (*Id.*)  He  "contacted Fidelity ... numerous times trying to resolve [the] matter."  (*Id.*)  A "defendant" recorded a fraudulent security instrument with Johnson County's office of public records.  (*Id.* at 3.)

On December 2, 2008, the state district court granted Ameriquest, Argent, and Deutsche Bank a "no evidence summary judgment" on both claims.[2]  (*See* doc. 52-3 at 2; doc. 171-8.)  On, January 9, 2009, Ameriquest executed the writ of possession and evicted Plaintiff and his family

---

[2]To make the judgment "final for all purposes," those defendants filed a motion to sever the suit against them from Fidelity, which the court granted. (*See* doc. 52-5 at 4.)  Plaintiff filed a petition for a writ of mandamus with the Tenth Court of Appeals on January 7, 2009, seeking to enjoin the eviction and reverse the summary judgment against him and the severance order.  (docs. 52-4 at 2–4; 52-5 at 2, 4.) On January 9, 2009, the court of appeals denied Plaintiff's petition, explaining that it did "not perceive any reason why [Plaintiff] [could] not address his complaints ... in a direct appeal." (doc. 52-5 at 5.)  He did not file a direct appeal.  Accordingly, the severance order and the summary judgment in favor of these defendants became final state court judgments for all purposes.  (*Id.* at 4.)

from the Property.  (doc. 81-1 at 6.)  On January 25, 2011, Fidelity filed a motion for final summary

judgment on its affirmative defense of limitations as to all but one of Plaintiff's claims as well as

a no-evidence motion for summary judgment on the one remaining claim.  (doc. 171-4 at 10.)  On

March 15, 2011, the state district court granted Fidelity summary judgment on all of Plaintiff's

claims and dismissed the suit against him with prejudice.  (*Id*. at 11-12.)[3]  On April 13, 2011,

Plaintiff filed a Revocation of Attorney of Record on the basis that he was not informed of the

summary judgment or of any hearing regarding it and had been unable to get in contact with his

attorney, Steve Shavers.  (doc. 171-6.)

## B.      Federal Court Litigation

Plaintiff initially filed this *pro se* suit against First Financial Bank, N.A. (FFB) on January

10, 2012.  (doc. 3.)  On January 23, 2012, dismissal was recommended for lack of subject matter

jurisdiction.  (doc. 6.)  On March 2, 2012, he filed his first amended complaint against FFB;

Ameriquest; Argent; Deutsche Bank, as trustee of Ameriquest Mortgage Securities, Inc. Asset

Backed Pass Through Certificates, Series Quest 2005-X1, Under the Pooling and Servicing

Agreement Dated as of March 1, 2005; and Fidelity (collectively, Defendants).  (doc. 17.)  On

October 29, 2012, he filed his second amended complaint against Defendants, expressly asserting

claims for violation of the Truth in Lending Act (TILA) and fraud.  (doc. 81 at 7–9.)

Plaintiff alleged that "Defendant" violated TILA and Regulation Z because he "never

received his closing documents" and "never had the chance of rescission."  (doc. 81 at 6.)  He

contacted Fidelity numerous times after signing his loan to obtain copies of his closing documents,

---

[3] The judgment was affirmed upon appeal.  *See Fantroy v. Fidelity Nat. Title*, No. 10-11-00120-cv, 2012 WL 955379, at *1 (Tex. App. - Waco Mar. 21, 2012, no pet.) (mem. op.).

3

but as of the date he filed suit, he had yet to receive them.  (*See id.* at 5–6.)  Additionally, he contended that Deutsche Bank and FFB violated TILA by assigning a "fraudulent" note.  (*Id.* at 7.)  He sought equitable relief from the relevant limitations periods through equitable tolling and the discovery rule, asserting that he did not discover, and "could not have reasonably discovered," the purported TILA and Regulation Z violations until February 7, 2012, upon reading the statute.  (*Id.* at 7.)

The defendants' motions to dismiss were granted and all claims against them were dismissed.  (*See* docs. 118, 121, 163.)  A final judgment in the case was entered on August 19, 2013.  (doc. 164.)

## II.  RULE 60

Plaintiff now seeks leave to file a motion under Federal Rule of Civil Procedure 60, alleging fraud on the court, fraudulent concealment, intrinsic fraud and extrinsic fraud.  He relies on Rule 60(b)(3), (4), (6) and (d)(3).  (doc. 171-3 at 2.)[4]

Plaintiff contends that Fidelity committed fraud on the court by filing a motion for summary judgment based solely on the statute of limitations even though the statute of limitations had not yet run when he filed his state court suit. (doc. 171-2 at 1-2; doc. 171-3 at 2-3.)  He claims the four-year statute of limitations accrued "at the very latest" on June 10, 2005, the date he requested closing documents from Fidelity, and it ran on June 10, 2009.  (doc. 171-3 at 2; doc. 171-2 at 2.)  Plaintiff asserts that despite Fidelity's contention that he did not bring suit "against his mortgage company until on or about March 3, 2010 " when he filed his sixth amended petition, he joined Fidelity in the state court suit in November 2008.  (doc. 171-2 at 2.)  He contends that Fidelity was properly served with notice of the suit on November 4, 2008 before the statute of limitations ran, although Fidelity

---

[4]Plaintiff attached a motion for fraud on the court (doc. 171-2) and a brief in support of the motion (doc. 171-3) to his request for leave, which have been considered along with his motion for leave.

did not respond at that time.  (doc. 171-2 at 2; doc. 171-2 at 3.)

Plaintiff also argues that Fidelity and the other defendants failed to give him any closing documents as of February 24, 2015, despite his request for documents.  (doc. 171-2 at 3.)  It was therefore easy for them to file a no-evidence summary judgment knowing he did not have the closing documents and "relying on ProSe mistakes."  (doc. 171-3 at 3.)  If "Fidelity would and should have answer[ed] Plaintiff's [] timely served petition ... [,] Plaintiff's closing documents, with prima fac[ie] proof of fraudulent activity and impediment[,] would have and will have [provided a] different outcome."  (doc. 171-2 at 3.)  He claims that limitations on his TILA claim only began once he "become[s] aware," but he could not produce any evidence because Fidelity did not give him any closing documents.  (doc. 171-3 at 4.)  He also claims that because Defendants would not give him closing documents after he asked before and during the "hearing," he had no proof of how his "loan went from 59,000 to 109,426.49 dollars without [his] knowledge."  (doc. 171-2 at 4.)

Additionally, Plaintiff argues that Ameriquest and Deutsche Bank committed fraud on the court by filing a motion for summary judgment stating that he never responded to discovery requests.  (*Id*. at 3.)  He claims that he did respond and asked for closing documents "through the years."  (doc. 171-2 at 3; doc. 171-3 at 5.)

Finally, Plaintiff alleges that an order was signed in favor of Fidelity's final summary judgment without his knowledge.  (doc. 171-3 at 4.)  He claims that the "attorney of record at that time Steve Shaver" was incompetent, and Plaintiff made many attempts to contact him.  (*Id*.)  He contends he immediately filed a "Revocation of attorney of record" once he saw the order for final summary judgment.  (*Id*.)

Because of the defendants' "fraud and impediment," he has suffered "physical injury, mental

harm, mental anguish, emotional distress and any other relief Plaintiff is entitle[d] to."  (*Id*. at 5.)[5]

## A.    Rule 60(b)

Plaintiff first seeks relief from judgment under FED. R. CIV. P. 60(b)(3), (4), and (6).  Rule 60(b) provides in, pertinent part, that a court may relieve a party from a final judgment or order for the following reasons: ... (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; ... or (6) any other reason that justifies relief.  FED. R. CIV. P. 60(b)(1)-(6).  A Rule 60(b) motion must be made within a reasonable time, and no longer than one year after judgment was entered under subsections (1), (2), and (3).  *See* FED. R. CIV. P. 60(c)(1); *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 871 (5th Cir. 1989) (the time runs from the date the district court entered final judgment).[6]

### 1.    60(b)(4)

"A judgment may be set aside pursuant to Rule 60(b)(4) if the ... court lacked subject matter or personal jurisdiction, or if it acted inconsistent with due process."  *Jackson v. Thaler*, 348 F. App'x 29, 32 (5th Cir. 2009) (citing *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003)).  Plaintiff makes no allegations concerning subject matter or personal jurisdiction.

---

[5]Plaintiff only addresses the final summary judgment and the defendants' alleged actions in the state court suit, and he attaches documents only from that suit. To the extent he seeks to set aside the state court's summary judgment instead of the judgment in this suit, a Rule 60 motion must be brought in the same court that originally rendered the disputed decision. *See U.S. v. Edmonds*, Nos. 3:98-cr-0370-M, 3:02-cv-2132-M, 2011 WL 623114, at *1 (N.D.Tex. Jan. 24, 2011), *rec. adopted*, 2011 WL 622893 (N.D.Tex. Feb. 17, 2011) ("Rule 60 of the Federal Rules of Civil Procedure provides a vehicle for a litigant to seek reconsideration of a decision by the same court which had originally rendered that decision."); *see also Johnson v. Director, TDCJ-CID*, No. 6-10-cv-498, 2010 WL 4720872, at *1 (E.D. Tex. Nov. 15, 2010) (citing cases).  Additionally, Rule 60 applies only to federal judgments. *See Ates v. Stephens*, No. A-13-CA-446, 2014 WL 1600395, at *1 fn. 1 (W.D. Tex. April 21, 2014)(finding the Rule 60(b) motion should be denied because the subject of the motion was a state court judgment and Rule 60(b) applies to federal court judgments); *see also Johnson*, 2010 WL 4720872, at *2.  Accordingly, Plaintiff is not entitled to relief from the state court judgment under Rule 60, if that is the relief he is seeking.

[6]The district court entered a final judgment on August 19, 2013.  (*See* doc. 164.)  Plaintiff filed his motion on February 25, 2015, over 18 months later.  (*See* doc. 171.)  Any allegations concerning fraudulent behavior under Rule 60(b)(3) are therefore time-barred and not addressed further.  *See* FED. R. CIV. P. 60(c)(1).

Although his allegations regarding incompetent counsel and the final summary judgment being signed without his knowledge implicate due process concerns, these allegations concern occurrences in the state court suit and fall short of showing that the federal court acted inconsistent with due process. *See Callon Petroleum Co.*, 351 F.3d at 208("[B]ecause federal courts regulate the scope of their own jurisdiction, a Rule 60(b)(4) challenge to jurisdiction should be sustained only where there is a clear usurpation of power or total want of jurisdiction."). He has not shown entitlement to relief under Rule 60(b)(4).

### 2.   *60(b)(6)*

Rule 60(b)(6) is a "residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances. *Steverson v. GlobalSanteFe Corp*., 508 F.3d 300, 303 (5th Cir. 2007)(quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604-05 (5th Cir. 1986)). Plaintiff fails to articulate "any other reason" as grounds for his motion other than his fraud and due process allegations. Also, because he filed this suit after the judgment was rendered in the state court suit, he had the opportunity to make these allegations regarding the state court judgment in his complaint but failed to do so. He fails to allege any "unforseen contingencies" or extraordinary circumstances that demonstrate a reason to disturb the judgment in this case. Relief under Rule 60(b)(6) is also unavailable. *See id; Steverson*, 508 F.3d at 303.

### B.   Rule 60(d)

Rule 60(d)(3) provides that "[t]his rule does not limit a court's power to . . . set aside a judgment for fraud on the court." While motions brought pursuant to Rule 60(b) are subject to a "reasonable time" requirement,  "Rule 60(d)(3) functions as a savings clause [and] allows courts to 'set aside a judgment for fraud on the court' without a strict time bar." *Jackson*, 348 F. App'x at 34.

The standard for relief based on "fraud on the court" is very demanding, however. *Id.* Relief is reserved for only the most egregious misconduct, "such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978). It requires a showing of an "unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Id.* (quoting *England v. Doyle*, 281 F.2d 304, 309 (9th Cir. 1960)). It should "embrace only the species of fraud which does or attempts to, defile the court itself." *Kerwit Medical Products, Inc. v. N &H Instruments, Inc.*, 616 F.2d 833, 937 (5th Cir. 1980)(quoting *Kupfeman v. Consolidated Research and Manufacturing Corp.*, 459 F.2d 1072, 1078 (2d Cir. 1972)). "Fraud upon the court requires that there was a material subversion of the legal process such as could not have been exposed within the one-year window" provided by what is now Rule 60(c)." *Jackson*, 348 F. App'x at 34-35 (quoting *Apotex Corp. v. Merck & Co.*, 507 F.3d 1357, 1360 (Fed. Cir. 2007)).

Plaintiff's allegations do not rise to the level of "fraud on the court" necessary to obtain relief under the savings clause. He has not alleged any egregious conduct or an "unconscionable plan or scheme ... designed to improperly influence the court in its decision" by any of the defendants, their counsel, or his counsel in this suit, or even in the state court suit. He alleges no material subversion of the legal process. Even assuming he has, the circumstances "would not have prevented its exposure for so long that [Plaintiff's] only recourse was Rule 60(d)(3)." *See Jackson*, 348 F. App'x at 34-35; *Apotex Corp.*, 507 F.3d at 1360. Again, Plaintiff failed to make any allegations regarding the state court suit when he initiated this case or at any point while it was pending. Relief under Rule 60(d)(3) is therefore unavailable.

8

## III.  RECOMMENDATION

Plaintiff's request for leave to file his motion for fraud on the court should be denied.

**SO RECOMMENDED** on this 31st day of July, 2015.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

9